UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA E. LUNN,

    Plaintiff,                                Case No.:  19-

-vs-                                            Hon.

ARAMARK MANAGEMENT
SERVICES LIMITED PARTNERSHIP,
A Foreign Limited Partnership, and
UAW Local 160,

    Defendants.
_____/

Scott W. Rooney (P42282)
Nemes Rooney, P.C.
Attorneys for Plaintiff
26050 Orchard Lake Rd., Ste. 300
Farmington Hills, MI 48334
P:  248-442-3300
F:  248-442-3319
scott@nemesassociates.com
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

There is no other prior civil action
arising out of the same transaction or occurrence as alleged in the complaint.

              s/ Scott W. Rooney
            Scott W. Rooney (P42282)

NOW COMES Plaintiff, Dana E. Lunn, by and through his counsel, Nemes Rooney, P.C., and for his Complaint against Defendants, Aramark Management Services Limited Partnership, A Foreign Limited Partnership, and UAW Local 160, states as follows:

## I. JURISDICTION/VENUE

1. At all times pertinent hereto, the Plaintiff was a resident of the County of Wayne, State of Michigan.

2. The Defendant, UAW Local 160 was and is a labor union organization operating in the County of Wayne, State of Michigan, hereinafter referred to as Defendant UAW.

3. The Defendant, Aramark Management Services L.P. is a foreign limited partnership, licensed to do and doing business in the State of Michigan, which business was the providing of employees to General Motors Corporation at its General Motors Tech Center in Warren, MI. Defendant Aramark Management Services L.P. is hereinafter referred to as Defendant Aramark.

4. That the events herein took place within the venue of this Court.

5. The events herein underlying including breaches of duty of fair representation against the Defendant UAW and discrimination on the basis of race, gender and disability against the Defendant Union as well as the Defendant-Employer, Aramark.

6. The Plaintiff, Dana Lunn, was at all times herein a faithful and hardworking employee of the Defendant-Employer and was also a member of a protected class as he was male, African-American and disabled.

7. That at all times pertinent hereto, the Defendants, both of them, had a duty to fairly represent to Plaintiff, Dana Lunn, in any grievance he had with his Employer so that the would not suffer injury and damage.

8. Each of the Defendants had a duty of fair representation under 29 U.S.C. 151-188 (1976), of the National Labor Relations Act and 301 of the Labor Management Relations Act, 29 U.S.C. §301 of the Labor Management Relations Act, 29 U.S.C. 185.

9. That at all times pertinent hereto, the Defendants, each of them were under a duty not to discriminate in their relationships with the Plaintiff in violation of the American with Disabilities Act of 1990, et seq. and the Elliott-Larsen Civil Rights Act, Act 453 of 1976.

## II.  FACTS

10. Plaintiff incorporates by reference paragraphs 1 through 9 as if stated herein verbatim , word for word and paragraph by paragraph.

11. Plaintiff, Dana Lunn, was at all times an employee of defendant Aramark.

12. Plaintiff was disabled in according with the Elliott-Larsen Civil Rights Act and the Americans with Disabilities Act at all times during his employment and such disabilities were known to his employer and the Defendant Union.

13. Plaintiff's disabilities did not affect his ability to perform his duties in the Housekeeping Department.

14. Plaintiff was at all times a member of UAW Local 160 and was terminated from his employment as a custodian at the General Motors Tech center, Warren, MI.

15. During his employment, Plaintiff was subject to harassment and verbal abuse by his supervisors, who were agents, servants and employees of Defendant Aramark, based upon his disability and gender.

16. Plaintiff was terminated from his employment with Defendant Aramark on July 12, 2016, after it was falsely alleged that he violated workplace rules, and falsely alleged, without proof that he made a verbal threat over the phone to the Defendant UAW.

17. That during his employment the Plaintiff's supervisors, including Crystal Aesy and others harassed and degraded the Plaintiff over his disabilities, including that he looks scary and frightens people because of his appearance, an appearance caused by the two brain

tumors that had to be removed which resulted in facial disfigurement and vision disabilities.

18. That upon being terminated, Plaintiff sought the assistance of the Defendant Union to file and represent him in a grievance in order to obtain his re-employment and back pay.

19. That Defendant Union chose not to proceed with the grievance and instead sought to obtain his consent to settle the matter without re-employment or reimbursement for lost wages and benefits.

20. As a result of the Defendants' actions, the Plaintiff was subject to a Union IEB appeal denying him his right to proceed with the grievance, loss of his employment, inability to find suitable re-employment, pain, suffering, embarrassment and humiliation.

### III.  DEFENDANT ARAMARK

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if stated herein verbatim , word for word and paragraph by paragraph.

22. Defendant owed Plaintiff duties under the Americans with Disabilities Act and the Elliott-Larsen Civil Rights Act to not discriminate against the Plaintiff on the basis of his disabilities.

23. Defendant's employees, including, but not limited to Crystal Aesy we re aware of Plaintiff's disabilities and the harassment he received due to those disabilities.  Defendant Employer undertook no efforts to remedy the discrimination and upon information and belief did make decisions regarding Plaintiff's termination and discipline on the basis of said disabilities.

24. Defendant Employer wrongfully alleged that the Plaintiff defrauded the Company of worktime without physical evidence of wrongdoing and with full knowledge that the Plaintiff had not acted in any manner different than any other employee.

25. Defendant Employer further failed to address the abuse and harassment that was heaped upon the Plaintiff by a female supervisor thus discriminating against the Plaintiff on the basis of gender.

26. Upon information and belief, Defendant Employer did not terminate other employees, including a female employee who was caught violating work rules thus evidencing that the Defendant discriminated against the Plaintiff on the basis of his gender and disability.

27. That Defendant Employer, after being told by the Plaintiff that he was verbally abused and harassed by a supervisor, who was female chose not to address the Plaintiff's complaints, but instead undertook a purported investigation of the Plaintiff which Defendant Employer then used as the basis to terminate the Plaintiff.

28. Plaintiff, Dana Lunn, was at all times an exemplary employee, who though disabled was fully able to perform and did perform his duties without hesitation, but was retaliated against on the basis of his gender and disability.

29. Defendant's action as set forth above proximately caused the Plaintiff the loss of his employment, and said loss of employment caused economic and non-economic injury and damage in excess of $75,000.00, exclusive of interest, costs and attorney fees. WHEREFORE, Plaintiff requests that the Trier of Fact enter an award in excess of the jurisdictional limits of this Court for the Plaintiff and against the Defendant in an amount deemed just, fair and adequate compensation for the injuries and damages sustained.

## IV.  DEFENDANT'S UAW LOCAL 160.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as if stated herein verbatim , word for word and paragraph by paragraph.

31. Plaintiff was at all times entitled to the right to be fairy represented by the Defendant Union and not subject to discrimination on the basis of race, gender or disability.

32. Defendant Union knowing that it had those duties as set forth above undertook to deny the Plaintiff his right to fair representation and to be free of discrimination when the Defendant Union made a decision not to proceed with arbitration, but instead seek to force the Plaintiff to accept a minimal settlement that would not benefit the Plaintiff.

33. Defendant Union and its representatives involved in this matter knew that the Plaintiff was male, African-American and disabled, with a good working record and yet chose not to investigate the harassment and abuse that was the underlying cause of his retaliatory termination.  Such actions are in violation of State and Federal discrimination law.

34. Defendant Union was aware at the time of its failure to represent that the Defendant Employer had no videotape evidence to show that the Plaintiff left the facility in violation of work rules nor evidence of the purported verbal threat.

35. Defendant Union chose to make a decision not to represent the Plaintiff on an arbitrary and capricious basis and in violation of its duty to fairly represent.

36. The Defendant Union's actions constituted a breach of duty and proximately caused economic and non-economic damage to the Plaintiff in excess of Seventy-Five Thousand ($75,000.00) Dollars.

WHEREFORE, Plaintiff requests that the Trier of Fact enter an award in excess of the jurisdictional limits of this Court for the Plaintiff and against the Defendant in an amount deemed just, fair and adequate compensation for the injuries and damages sustained.

Respectfully submitted,

By: s/ Scott W. Rooney
Scott W. Rooney (P42282)
NEMES ROONEY, P.C.
Attorneys for Plaintiff
26050 Orchard Lake Rd., Ste. 300
Farmington Hills, MI 48334
P:  248-442-3300
F:  248-442-3319
scott@nemesassociates.com

Dated:  March 25, 2019

## **DEMAND FOR JURY TRIAL**

    NOW COMES Plaintiff, Dana E. Lunn, by and through his counsel, Nemes Rooney, P.C., and demands a trial by jury.

                                         Respectfully submitted,

                                         By:  /s/ Scott W. Rooney
                                         Scott W. Rooney (P42282)
                                         NEMES ROONEY, P.C.
                                         Attorneys for Plaintiff
                                         26050 Orchard Lake Rd., Ste. 300
                                         Farmington Hills, MI 48334
                                         P:  248-442-3300
                                         F:  248-442-3319
                                         scott@nemesassociates.com

Dated:  March 25, 2019