UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA E. LUNN,

      Plaintiff,

v.

      Civil Case No. 19-10878
      Honorable Linda V. Parker

ARAMARK MANAGEMENT
SERVICES LIMITED PARTNERSHIP
and UAW LOCAL 160,

      Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT UAW LOCAL 160'S MOTION TO DISMISS

This lawsuit arises from the termination of Plaintiff's employment with Aramark Management Services Limited Partnership ("Aramark"). While employed by Aramark, Plaintiff was a member of UAW Local 160 ("Union"). In his Complaint, filed March 25, 2019, Plaintiff claims that Defendants discriminated against him on account of his race (African-American) and disability in violation of the Americans with Disabilities Act ("ADA") and the Elliott-Larsen Civil Rights Act ("ELCRA"). (*See* Compl. ¶ 9, ECF No. 1 at Pg ID 3.) Plaintiff also claims that Defendants breached their duty of fair representation under the National Labor Relations Act ("NLRA") and the Labor Management Relations Act ("LMRA"). (*Id.* ¶ 8, Pg ID 2.)

Aramark filed an Answer to the Complaint on July 19, 2019. (ECF No. 17.) The matter is presently before the Court on the Union's motion to dismiss Plaintiff's claims against it, filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) Subsequent to the filing of the motion, the parties stipulated to the dismissal with prejudice of Plaintiff's ADA claim against the Union. (ECF No. 9.) The Union's motion has been fully briefed. (ECF Nos. 12, 18.) Finding the facts and legal arguments sufficiently presented in the parties' submissions, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I. Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Nevertheless, the plausibility standard requires the plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d

86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  A court that considers such matters must first convert the motion to dismiss to one for summary judgment.  *See* Fed. R. Civ. P 12(d).  However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II.  Factual Background

Plaintiff worked in Aramark's Housekeeping Department, as a custodian at the General Motors Tech Center in Warren, Michigan.  (Compl. ¶¶ 13, 14, ECF No. 1 at Pg ID 3.)  During Plaintiff's employment, his supervisors harassed and verbally abused him based on his disability and gender.  (*Id.* ¶ 15, Pg ID 3.)  On July 12, 2016, Aramark terminated Plaintiff's employment claiming that he had violated workplace rules and made a verbal threat over the phone to the Union.  (*Id.* ¶ 16, Pg ID 3.)  Specifically, Aramark terminated Plaintiff for violating two Shop Rules.  (Def.'s Mot., Ex. A, ECF No. 8-2.)

The first shop rule prohibits employees from "[l]eaving the plant during working hours without permission or failure to return to work after [the] lunch

4

period without permission." (*Id*. Ex. B at 85, ECF No. 8-3 at Pg ID 140.) The second shop rule prohibits "[a]ssaulting, fighting, threatening, intimidating, coercing, or interfering with employees or supervision." (*Id*.) These are category #1 violations, or "major" violations, which are subject to discipline "up to and including discharge[.]" (*Id*.)

Plaintiff sought the Union's assistance to grieve his termination and obtain re-employment and back pay. (*Id*. ¶ 18, Pg ID 4.) On July 25, 2016, a Union representative filed a Step 1 grievance on Plaintiff's behalf, asserting that the termination was unjust. (Def.'s Mot. Ex. C, ECF No. 8-4 at Pg ID 146.) The Union sought to have Plaintiff reinstated to his position and made whole. (*Id*.) The Union appealed the grievance determinations, but eventually "chose not to proceed with the grievance and instead sought to obtain [Plaintiff's] consent to settle the matter without re-employment or reimbursement for lost wages and benefits." (Compl. ¶ 19, ECF No. 1 at Pg ID 4.)

In the settlement Aramark and the Union negotiated, Aramark offered to pay Plaintiff a $12,750.00 severance, not contest Plaintiff's future unemployment benefit claim, and provide a neutral job recommendation, in exchange for the dismissal of the grievance and Plaintiff's waiver of legally waivable claims against the company. (Def.'s Mot. Ex. D, ECF No. 8-5.) Plaintiff declined to settle the

matter. (*Id.* Ex. E, ECF No. 8-6.) The Union refused to take Plaintiff's grievance to arbitration.

## III. The Union's Arguments and Plaintiff's Response

The Union argues that Plaintiff's state-law discrimination claim is preempted by federal labor law. The Union further argues that Plaintiff fails to allege facts to sufficiently plead his discrimination claim (if not preempted) and his federal breach of the duty of fair representation claim.

Plaintiff responds that his ELCRA discrimination claim is not preempted because resolving the claim does not require interpretation of the collective bargaining agreement between Aramark and the Union, and because the rights claimed (i.e., the right to be free from race and disability discrimination) arise from Michigan law. Plaintiff also contends that his claims are sufficiently pled in his Complaint. With respect to his breach of the duty of fair representation claim, Plaintiff seems to be arguing that the Union should have taken his grievance to arbitration because it had merit and the termination was invalid. With respect to his claim of discrimination, Plaintiff argues: (1) he is African-American, male, and disabled; (2) the persons making the claim against him were female; and, (3) the Union knew (a) there was no video or eyewitness evidence that he left the premises, (b) that he had been harassed by Crystal Aesy and Linda Sinanski, and (c) that he did not make a verbal or phone threat.

6

## IV. Applicable Law and Analysis

### A. Preemption

Federal labor law imposes a statutory duty on a union to fairly represent the employees for which it is the exclusive bargaining representative "in its collective bargaining with [the employer]" and "in its enforcement of the resulting collective bargaining agreement[.]" *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (citations omitted). The duty of fair representation "applies in all contexts of union activity, including contract negotiation, administration, enforcement, and grievance processing." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010). "A union breaches its 'statutory duty of fair representation … only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' " *Summers v. Keebler Co.*, 133 F. App'x 249, 253 (6th Cir. 2005) (quoting *Vaca*, 386 U.S. at 190).

The only discriminatory conduct Plaintiff alleges in his Complaint with respect to the Union is its refusal to proceed with his grievance. In other words, Plaintiff's state-law race and disability discrimination claim against the Union is based on the same allegations as his federal claim asserting a breach of the duty of fair representation. In that instance, courts find the plaintiff's state law claims preempted because " '[t]he duty of fair representation relates to an area of labor law which has been so fully occupied by Congress so as to foreclose state

7

regulation.' " *Moore v. Int'l Bhd. of Elec. Workers Local 8*, 51 F. App'x 486, 488 (6th Cir. 2002) (unpublished) (quoting *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir. 1985)); *see also In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local 173*, 983 F.2d 725, 728-29 (6th Cir. 1993) (concluding that employee's state law claims against union were preempted by § 301 of the LMRA because they failed to articulate theories beyond the union's breach of its duty of fair representation); *Jones v. Truck Drivers Local Union No. 299*, 838 F.2d 856, 860-61 (6th Cir. 1989) (concluding that union member's claim that the union failed to fairly represent her on account of her sex in violation of Michigan's ELCRA was preempted); *EEOC v. Int'l Bhd. of Elec. Workers Local Union 998*, 343 F. Supp. 2d 655, 658-59 (N.D. Ohio 2004) (finding union member's state law discrimination and harassment claims preempted); *Eggelston v. Nexteer Auto. Corp.*, No. 16-13368, 2017 WL 264486, at *5-6 (E.D. Mich. Jan. 20, 2017) (unpublished) (concluding that employee's race discrimination and retaliation claims were preempted as claims were based on the employee's allegation that he was not adequately represented by the union because of his race and previous complaints); *Tocarchick v. UAW Region 1*, No. 15-11329, 2015 WL 5026149, at *3 (E.D. Mich. Aug. 21, 2015) (unpublished) (finding the plaintiff's state claims preempted where her allegations made clear that she was actually pleading a breach of the duty of fair representation). The contrary case cited by

8

Plaintiff, *Smolarek v. Chrysler Corp.*, 879 F.2d 1326 (6th Cir. 1989), did not involve the duty of fair representation. In fact in *Smolarek*, the Sixth Circuit distinguished the employee's discrimination claim against his employee in the case before it from fair representation claims found to be preempted. *Id*. at 1334 n.4.

The Court therefore is granting the Union's motion to dismiss Plaintiff's state law discrimination claim.

### B. Duty of Fair Representation

The Union seeks dismissal of Plaintiff's fair representation claim, arguing that the claim is insufficiently pled to be plausible.

"A union breaches its 'statutory duty of fair representation … only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.' " *Summers v. Keebler Co.*, 133 F. App'x 249, 253 (6th Cir. 2005) (brackets omitted) (quoting *Vaca*, 386 U.S. at 190). "[T]he standard is a 'tripartite' one, such that a breach occurs if the union's 'actions are *either* 'arbitrary, discriminatory, *or* in bad faith.'" *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 584 (6th Cir. 1994) (emphasis in original) (quoting *Air Line Pilots Ass'n Int'l v. O'Neil*, 499 U.S. 65, 67 (1991)).

"[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Air Line Pilots*, 499 U.S. at 67.

9

"[A] union's judgments are not arbitrary even if those judgments are ultimately wrong, negligent or mistaken." *Bowerman v. UAW, Local No. 12*, 646 F.3d 360, 368 (6th Cir. 2011) (internal quotation marks and citations omitted). The plaintiff must establish that the union's actions were " 'wholly irrational.' " *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 538-39 (6th Cir. 2003) (quoting *Air Lines Pilots*, 499 U.S. at 78).

A union must assess the merits of particular grievances "in good faith and in a nonarbitrary manner." *Vaca*, 386 U.S. at 194. A union must also "undertake reasonable investigation to defend a member from employer discipline." *Black*, 15 F.3d at 584-85 (citation omitted). Nevertheless, an "employee has no absolute right to have his grievance arbitrated" and "a breach of the duty of fair representation is not established merely by proof that the underlying grievance was meritorious[.]" *Vaca*, 386 U.S. at 195.

"A union's actions are improperly discriminatory if they are 'intentional, severe, and unrelated to legitimate union objectives[.]' " *Bowerman*, 646 F.3d at 368 (quoting *Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 301 (1971)). A union's actions "are in bad faith if made with improper intent or motive[.]" *Id.* (citing *Williamson v. Lear Corp.*, 183 F. App'x 497, 505 (6th Cir. 2006) (unpublished)).

10

In *Czosek v. O'Mara*, 397 U.S. 25 (1970), the Supreme Court advised lower courts, as guardians of the duty of fair representation, to construe complaints so as to avoid dismissals unless it appears "beyond doubt" that a valid cause of action cannot be stated. *Id*. at 27 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court has since specifically disapproved of *Conley*'s "beyond doubt" standard, *Twombly*, 550 U.S. at 560, its guidance in *Czosek* remains. The guidance simply must be applied under the plausibility standard set forth in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 679 (indicating that the plaintiff must plead enough facts to give rise to a "plausible claim for relief").

Plaintiff alleges insufficient facts to plausibly plead that the Union chose not to pursue his grievance to arbitration because of his race, gender, or disability. Plaintiff alleges only that the Union and its representatives knew that he was male, African-American, and disabled. (Compl. ¶ 33, ECF No. 1 at Pg ID 6.) His conclusory assertions in response to the Union's motion that the Union decision was "because of his race, gender, and disability" (*see* Pl.'s Resp. Br. at 2, 13, ECF No. 12 at Pg ID 177, 188), are insufficient. *See Iqbal*, 556 U.S. at 678 (legal conclusions are disregarded when determining the sufficiency of the plaintiff's allegations). While Plaintiff refers to harassment and verbal abuse based upon his disability and gender in his Complaint, he attributes such conduct to "his

11

supervisors, who were agents, servants and employees *of Defendant Aramar*k[.]" (*Id.* ¶¶ 15, 17, 23, 25, 27, Pg ID 3-5, emphasis added.)

Plaintiff pleads sufficient facts, however, to plausibly allege a fair representation claim based on the Union's alleged failure "to investigate the harassment and abuse that w[ere] the underlying cause of his retaliatory termination [by Aramark]." (*See* Compl. ¶ 33, ECF No. 1 at Pg ID 6.) "A union's conduct may be sufficiently arbitrary to establish a breach of its duty to fairly represent its members when it handles a grievance in a 'perfunctory' manner, with caprice or without rational explanation." *Poole v. Budd Co.*, 706 F.2d 181, 183 (6th Cir. 1983). Contrary to the Union's assertion, Plaintiff is not claiming that the Union breached its duty by failing to challenge a clear policy making the violations "major" offenses subject to discharge. (Union's Br. in Supp. of Mot. at 15, ECF No. 8 at Pg ID 49.) Instead, Plaintiff is claiming that the Union, without a rational explanation, failed to investigate the truthfulness of the charges levied against him.

## V. Conclusion

For the reasons stated, the Court concludes that Plaintiff's state law discrimination claim against the Union is preempted by federal labor law. While Plaintiff fails to plead a plausible fair representation claim against the Union based on discriminatory conduct, he does allege sufficient facts to suggest that the Union acted arbitrarily in deciding not to pursue Plaintiff's grievance to arbitration.

12

Accordingly,

**IT IS ORDERED** that the Union's motion to dismiss (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 21, 2020