UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA E. LUNN,<br>      Plaintiff,<br>v.<br><br>ARAMARK MANAGEMENT SERVICES, LIMITED PARTNERSHIP, *et al.*,<br>      Defendants.<br>_____/ | Case No.: 19-10878<br><br>Linda V. Parker<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER GRANTING PARTIES' JOINT MOTION TO STAY THE REMAINING CASE DEADLINES (ECF No. 47)

In this civil action, filed on March 25, 2019, Plaintiff Dana Lunn ("Plaintiff"), proceeding *pro se*, is seeking an award against defendants Aramark Management Services Limited Partnership, a foreign limited partnership ("Defendant Aramark"), and UAW Local 160 ("Defendant UAW") (collectively, "Defendants") for damages and injuries he alleges to have suffered as a result of his termination from the General Motors Tech Center located in Warren, Michigan and Defendant Aramark. (ECF No. 1, PageID.3). This case has been referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF No. 39).

On December 8, 2020, a settlement conference was held before the undersigned. The parties were unable to settle the case and the Court proceeded to address Defendants' November 13, 2020 Joint Motion to Extend Remaining Phase

1 Scheduling Order Deadlines ("Defendants' Joint Motion"). After considering the (i) points made by both Plaintiff and Defendants during the conference, (ii) status of the discovery undertaken by each party at that point, and (iii) facts and circumstances set forth in Defendants' Joint Motion, the Court found good cause to grant the requested extension. (ECF No. 43). The deadline to complete discovery was extended to February 15, 2021 and the deadline for the parties' respective dispositive motions was extended to April 21, 2021. (*Id.*).

On February 5, 2021, the parties, including Plaintiff, through the *Pro Se* Legal Assistance Clinic at the University of Detroit Mercy Law School, conferred and agreed to (i) stay the remaining case deadlines, (ii) postpone Plaintiff's upcoming deposition scheduled for February 9, 2021 and (iii) schedule a settlement conference with the Court. (ECF No. 47, PageID.436). The parties then filed the current Joint Motion to Stay Case Deadlines ("Motion to Stay") in this matter. (ECF No. 47). In said motion, the parties request that the remaining case deadlines—close of discovery and deadline to file dispositive motions—be stayed in light of the parties' wishes to engage in another settlement conference. (*Id.* at PageID.435). The parties explain that while they are scheduled to depose Plaintiff on February 9, 2021 and are on schedule to complete discovery by the current deadline, they wish to have the current deadlines stayed to permit them to engage in further settlement discussions. (*Id.* at PageID.436). The parties explain

2

that good cause exists to stay the case deadlines as it "will be the most efficient use of the Court and the Parties' time and resources" as it will allow the parties to forego conducting any further discovery and dispositive briefing if they are able to ultimately reach a settlement agreement. (*Id.*).

Therefore, having considered the facts and circumstances set forth in the Motion to Stay, I find good cause to stay the remaining case deadlines to allow the parties to continue their settlement discussions and engage in another settlement conference with the Court. Thus, the Motion to Stay (ECF No. 47) is **GRANTED**.

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Date: February 8, 2021
s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850